## DAVIS *v.* HAMILTON ET UX.

### No. 7317,

EVIDENCE.—*Failure of, to Sustain Verdict.—Attachment.—Landlord and Tenant.—New Trial.*—In an action by a landlord to recover possession of certain wheat levied on by a writ of attachment against his tenant, which action resulted in a verdict for the defendant, the evidence showed that such wheat had been grown upon real estate owned by the plaintiff, obtained theretofore by foreclosure, sale and sheriff's deed against said tenant, who, at the time such wheat was harvested, had placed it as rent due plaintiff in a separate bin in a warehouse, where it remained until levied on by such writ of attachment.

*Held,* that the evidence did not sustain the verdict, and that a new trial should have been granted.

From the Laporte Circuit Court.

*L. A. Cole* and *C. H. Truesdell,* for appellant.

*J. Bradley,* for appellees.

NIBLACK, C. J.—The object of this action was to recover the possession of five hundred bushels of wheat, of which Catharine Davis, the plaintiff, claimed to be the owner, and which had been attached as the property of Samuel S. Davis, by Edward Hawkins, as deputy sheriff of Laporte county, at the suit of Vincent Hamilton, John H. Dennis, and Charles G. Howe, the said Hamilton, Dennis, Howe and Hawkins being all made defendants.

There was a verdict and judgment for the defendants.

The only error assigned is upon the refusal of the court to grant a new trial for the alleged want of sufficient evidence to sustain the verdict.

It was made to appear upon the trial, that on the 8th day of April, 1871, Samuel S. Davis was in the possession, under claim of ownership, of several tracts of land in Laporte county, constituting a farm, and that on that day he mortgaged those lands to the plaintiff, who was his mother, to secure the payment of three promissory notes of two thousand dollars each; that this mortgage was afterward foreclosed; that the plaintiff purchased the lands under the decree

of foreclosure, receiving a sheriff's deed therefor on the 13th day of June, 1876; that the said Samuel S. Davis continued in the possession of the farm after the plaintiff received the sheriff's deed for it; that he and one Lucas, in the fall of 1876, each as the tenants of the plaintiff, sowed portions of the farm in wheat; that they harvested the wheat thus respectively sown by them, in the summer of 1877, and that each soon afterward put the amount of wheat due from him to the plaintiff in a separate bin in a warehouse near by; that this wheat remained in the bin in which it was so placed, separate from other wheat in the same warehouse, until it was attached as above stated.

There was some conflict in the evidence, but the conflicting evidence was upon merely collateral and incidental questions, not in any way, as it seems to us, impairing the force and effect of the material portions of the plaintiff's evidence.

We therefore feel constrained to hold that the verdict was not sustained by sufficient evidence, and that a new trial ought to have been granted.

The judgment is reversed, with costs, and the cause is remanded, for a new trial.